

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walter Murchison
County Attorney, and
Honorable Ben Charlie Chapman
District Attorney
Haskell, Texas

Dear Sirs:

Opinion No. 0-3735
Re: In the event the county clerk
receives his maximum compensation
of $3000. and is paid the mentioned
$350. will that $350. be excess
fees or will he be allowed to
retain the same and make a total
maximum compensation of $3350.
instead of $3000. allowed by
statute, and related questions?

Your recent request for an opinion of this Department on the questions stated herein has been received.

We quote from your letter as follows:

"We have been requested by certain officials for an opinion with reference to the following questions:

"One - Are the following earnings of the County Clerk in a county of this size allowable in excess of the maximum fees provided for by law: First, keeping records $100.00. Second, keeping finance ledger $250.00. In other words, in the event the county clerk receives his maximum of $3,000.00 and is paid the $350.00 just mentioned will that $350.00 be excess fees or will he be allowed to retain the same and make his total maximum compensation $3,350.00 instead of the $3,000.00 allowed by statute?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In connection with the above question I call
your attention to Art. 3931 which allows not to exceed
$100.00 for keeping records, and Art. 1644 which allows
not to exceed $250.00 for keeping finance ledger, and
your attention is also called to those articles of the
statute setting out the maximum fees for the county
clerk in a county of this size.

"The second question requested is, can the
Commissioner's Court pay from the General Fund of
the county a part of the county clerk's deputies
salaries when the clerk earns the maximum fees
allowed by law?

"The third question requested is as follows;
Is the Commissioner's Court allowed to pay regular
county clerk deputies in part or in whole out of the
General Fund of the county?

"In connection with the second and third questions
requested your attention is called to Art. 3899 of the
Revised Civil Statutes, particularly the following:

"In connection with the second and third questions
requested your attention is called to Art. 3899 of the
Revised Civil Statutes, particularly the following:
'The amount of salaries paid to assistants and deputies
shall also be clearly shown by such officer, giving the
name, position and amount paid each; and in no event
shall any officer show any greater amount than actually
paid any such assistant or deputy. The amount of such
expenses, together with the amount of salaries paid to
assistants, deputies and clerks shall be paid out of
the fees earned by such officer.'"

Haskell County has a population of 14,905 inhabi-
tants according to the 1940 Federal Census, and the county
officials of said county are compensated on a fee basis.

Article 1644, Vernon's Annotated Civil Statutes, provides:

"The clerk shall receive annually as compensation for the labor performed in keeping the finance ledger and making the quarterly statement required by this title, the sum of five dollars for each one thousand dollars tax assessed as due the county, to be paid quarterly on order of the commissioners court out of the general fund of the county; provided, the same be not less than one hundred dollars nor more than two hundred and fifty dollars per annum."

Article 3931, Vernon's Annotated Civil Statutes, reads as follows:

"At each term of his court the county judge shall inquire into and examine the amount of labor actually and necessarily performed by the clerk of his court in the care and preservation of the records of his office, in making and keeping necessary indexes thereto, and other labor of a like class, and allow said clerk a reasonable compensation therefor, not to exceed the fees allowed him by law for like services, and not to exceed one hundred dollars annually, to be paid out of the county treasury upon the sworn account of such clerk, approved in writing thereon by the county judge."

Article 3932, Vernon's Annotated Civil Statutes, provides in part as follows:

"For all ex-officio services in relation to roads, bridges and ferries, issuing jury script, county warrants, and taking receipts therefor, services in habeas corpus cases, making out bar dockets, keeping records of trust funds, filing and docketing all papers for Commissioners' Court, keeping road overseers' books and lists of hands, recording all collection returns and delinquent insolvents, recording county treasurer's reports, recording reports of justices of the peace, recording reports of animals slaughtered, and services in connection with all elections, and all other public services not otherwise provided for to be paid upon the order of the Commissioners' Court out of the treasury, the county clerk shall receive such sums as the Commissioners' Court may determine under the provisions of Article 3895, to be paid quarterly. . . ."

Articles 3883 and 3891, Vernon's Annotated Civil Statutes, read in part as follows:

"Article 3883. Except as otherwise provided in this act, the annual fees that may be retained by precinct, county and district officers mentioned in this article shall be as follows:

"1. In counties containing twenty-five (25,000) thousand or less inhabitants: county judge, district or criminal district attorney, sheriff, county clerk, county attorney, district clerk, tax collector, tax assessor, or the assessor and collector of taxes, twenty four hundred ($2400.) dollars each; justice of the peace and constable twelve hundred ($1200.) dollars each."

"Article 3891. Each officer named in this chapter shall first out of current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover cost of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amount above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to three thousand dollars ($3,000.). . . ."

In addition, you referred to Article 3899, Vernon's Annotated Civil Statutes, relating to monthly expense accounts, which reads in part as follows:

"The amount of such expenses, together with the amount of salaries paid to assistants, deputies and clerks, shall be paid out of the fees earned by such officer."

In view of the foregoing statutes, the maximum
salary of the county clerk of Haskell County can in no
event exceed the sum of $3000. per year. In the event
the county clerk receives the maximum salary of $3000. and
is paid the $350. as above mentioned, in addition to his
maximum compensation, said $350. would be to that extent
an amount in excess of the total sum the county clerk may
legally retain as compensation for one year.

With reference to your second and third ques-
tions your attention is directed to our opinion No. O-65,
which states among other things:

"With reference to salaries of deputies, assis-
tants, etc., of the sheriff's and clerk's offices, it
is our opinion the provisions of Article 3891 and 3899,
supra, likewise apply and their compensation must be
derived from the fees of office."

We are enclosing a copy of this opinion for your information.

In view of the above mentioned statute and the
opinion quoted from, it is our opinion that your second and
third questions should be answered in the negative and they
are so answered.

Trusting that the foregoing fully answers your
inquiry, we are

APPROVED JUL 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:AMM

ENCLOSURE

W.J.F.

